Bohn, J.
On April 9, 2001, this civil action was before the Court for a hearing on the motion of the corporate defendants for a protective order prohibiting the plaintiffs counsel from contacting the defendants’ former employees on an ex parte basis. In support of their motion, the defendants rely on Comment 4 to Rule 4.2 of the Massachusetts Rules of Professional Conduct.
In opposition to the defendants’ motion, the plaintiff argues that the defendants’ reliance on Comment 4 to Rule 4.2 is misplaced because the main text of Rule 4.2 is unambiguous. For that reason, according to the plaintiff, there is no need to consider Comment 4.
For the reasons set forth below, the defendants’ motion will be ALLOWED.
In the opinion of this Court, Rule 4.2 alone does not adequately define the prohibition on the part of counsel with respect to communications with persons *322 whose act or omission in connection with the subject of litigation may be imputed to an organization involved in that litigation. In such a case, guidance must be sought in the comments to the Rule. In this case, Comment 4 to Rule 4.2 states that “this rule prohibits communications by a lawyer for another person or entity concerning the matter in representation . . . with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.”
Given that the plaintiffs counsel is contacting the defendants’ former employees who were directly involved in the subject matter of the litigation and questioning them about the subject matter of the litigation, it is clear that the employees’ statements could constitute admissions and/or their acts or omissions could be imputed to the corporate defendants. Thus, under the circumstances of this case, and based on the direction of Comment 4, the Court finds that Rule 4.2 does apply to the defendants’ former employees and that “good cause” exists for the issuance of a protective order. Patriarca v. Center for Living and Working, Inc., 11 Mass. L. Rptr. 629, 2000 WL 1273371, at *1, Civ. A. No. 990689 (Mass.Super.Ct., Fecteau, J., May 30, 2000), citing Mompoint v. Lotus Development Corp., 110 F.R.D. 414, 418 (D.Mass. 1986).[3]

Order

For the reasons set forth above, it is hereby ORDERED that the defendants’ motion for a protective order is ALLOWED. This Court ORDERS the following:
1) Plaintiffs counsel is prevented from contacting any former employees of the corporate defendants on matters concerning their former employment and this litigation unless defense counsel is present or permission is granted from the Court or from opposing counsel; and
2) In the event that the plaintiff needs to introduce evidence at trial obtained through interviews with former employees of the corporate defendants, plaintiff must first request permission from this Court through a motion in limine.

 This Court is aware that the Supreme Judicial Court was scheduled to hear arguments on Patriarca v. Center for Living and Working, Inc., 11 Mass. L. Rptr. 629, 2000 WL 1273371, at *1, Civ. A. No. 990689 (Mass.Super.Ct., Fecteau, J., May 30, 2000), in April. This Court does not attempt to presume what action the Supreme Judicial Court will take on this appeal. However, if its conclusion is different from this Court’s holding in the case at bar, the plaintiff has the opportunity to renew his motion.