Bohn, J.
Introduction
In a decision dated June 25, 2001(13 Mass. L. Rptr. 321], this Court entered an order which 1) prevented plaintiffs counsel from contacting any former employee of the corporate defendants on matters concerning their former employment and this litigation unless defense counsel is present or permission is granted from the court or from opposing counsel; and 2) required the plaintiff to obtain permission from the trial judge by way of a motion in limine prior to introducing any evidence at trial that has been gathered through interviews with former employees of the corporate defendant. No interlocutory appeal was taken from that discovery order. See Cronin v. Strayer, 392 Mass. 525, 528 (1984). Until the present set of pleadings was filed, no request had been made for reconsideration of the Order. That Order remains, at least for the present, the law of this case. See King v Driscoll, 424 Mass. 1, 7-8 (1996).
Following entry of the June 25, 2001 Order, counsel for the defendant sought, through discovery, information obtained by plaintiff s counsel as the result of his contacts with the defendant corporation’s former employees. Specifically, through four document requests and three interrogatories, defendant’s counsel sought *527 statements made by former employees to plaintiff or his agents, and the identification of documents former employees may have provided to plaintiff or to his counsel regarding this litigation. Defendant’s counsel also asked the plaintiff to identify the former employees with whom counsel had communicated, the substance of those conversations and a description of any document those former employees provided to the plaintiff.[1] In response, the plaintiff objected to each document request and to each interrogatory. Those rote objections, made without distinction or individualization, were predicated on plaintiffs position that the four document requests and the three interrogatories were overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, without distinction or individualization, the plaintiff argued that each of the four document requests equated the plaintiff with plaintiffs counsel and then purported to require the production of all documents that contain statements of former employees of the corporate defendants, thus suggesting that each document request was “deliberately drafted to seek the production of documents that by definition are protected from discovery by the work-product doctrine.”
Finally, the plaintiff argued that each interrogatory sought production of materials obtained and generated for the purposes of litigation by counsel, or at the direction of counsel; that those materials were otherwise protected from discovery by the work product doctrine; and, that the document requests and the interrogatories were specifically calculated to improperly invade the thought process of plaintiffs counsel in that they elicited information concerning particular witnesses plaintiffs counsel contacted and the information derived from any such communications.
Defendant Beverly Enterprises-Massachusetts, Inc. has now moved for an order compelling plaintiff James G. Clark to respond further to the five requests for production and three interrogatories discussed above. Except with regard to Document No. 39, that motion will be allowed.
In its opposition to Beverly Enterprises-Massachusetts, Inc.’s Motion To Compel, and in a Cross Motion for Reconsideration of this Court’s June 25, 2001 Order, plaintiff suggests that this Court’s ruling “constituted a significant departure from generally recognized Massachusetts practice and dealt a severe blow to the policy considerations behind the adversarial system and the work-product doctrine.” In support of that suggestion, plaintiff cites a 1999 case from the United States District Court of the District of Massachusetts, a 1992 case from the United States District Court for the Northern District of Georgia, a 1992 case from the United States District Court for the Eastern District of Michigan, a 1991 case from the Untied States District Court of New Jersey, a 1991 case from the Untied States District Court of Utah, and a 1991 case from the District Court for the Eastern District of Pennsylvania. Plaintiff also makes some non-specific reference to the “ABA Annotated Rules at 406-08.”
As noted above, this Court’s Order of June 25, 2001 [13 Mass. L. Rptr. 321] is and remains the law of this case with respect to the discovery of information from former employees of the corporate defendant. Unless and until that order is modified, counsel for plaintiff will be expected to comply with it.
Similarly, plaintiff and plaintiffs counsel will be expected to produce the information sought by defendant and defense counsel in defendant’s motion to compel. None of the request is overly broad or unduly burdensome. The information sought is relevant to the claim or defense and is not shielded from discovery by virtue of the work-product doctrine. Contrary to plaintiff s suggestion, the statements and documents sought concern what the former employee said or produced, not plaintiffs counsel’s mental impression of that information.
Plaintiff s argument that this Court’s prior rulings somehow dealt a severe blow to the adversarial system of our civil court is legal rhetoric at its worse. Resolution of civil cases in the Commonwealth of Massachusetts depends on a fair and balanced process. The purpose of Rule 4.2 of the Massachusetts Rules of Professional Conduct, and of Comment 4 to that Rule, is to protect against unfair advantage gained through the use of ex parte communications between a lawyer and an un-counseled former employee of a corporate defendant who might have acted on behalf of that corporation concerning matters at issue. That corporate defendant is entitled to know the names of the former employees with whom opposing counsel spoke, the content of what was said by the former employee and the identification of any document transmitted to opposing counsel by the former employee. To hold otherwise would encourage trial by ambush, which does not seem to be the goal of Comment 4.
ORDER
Within thirty (30) days of the entry of this ORDER, Counsel for the plaintiff will respond further to Request No. 35, to Request No. 36, to Request No. 37 and to Request No. 38 of defendant Beverly Enterprises-Massachusetts, Inc.’s second request for Production of Document, and to Interrogatory No. 13, Interrogatory No. 14 and Interrogatory No. 15 of defendant’s second set of Interrogatories. Failure to do so will, upon motion of the defendant, require imposition of costs, fees and the possibility of contempt.

 Document Requests Nos. 35, 36, 37 and 38; Interrogatories Nos. 13, 14, and 15. Document Request No. 39 seeks photographs of Frank D. Clark taken after September 1, 1984. The motion as it relates to that request will be denied.